Robert R. CAMPBELL, Administrator of the Estate of John Shannon Campbell, Deceased and Robert R. Campbell, Individually, Plaintiffs,

v.

LeCLAIRE WRECKING SERVICE et al., Defendants.

Civ. No. 73-13-D.

United States District Court,
S. D. Iowa,
Davenport Division.

Sept. 6, 1974.

Thomas N. Kamp and Charles E. Miller of Lane & Waterman, Davenport, Iowa, for plaintiffs.

Norman M. Peterson, Davenport, Iowa, for defendant Francis Heston d/b/a LeClaire Wrecking Service.

Ralph D. Sauer and Thomas F. Daley, Jr., of Betty, Neuman, McMahon, Hellstom & Bittner, Davenport, Iowa, for defendants, Marguerite C. Hayes, Dennis Gill and Ronald Gill.

## MEMORANDUM AND ORDER

STUART, District Judge.

This matter is before the Court on motions for summary judgment filed by defendants Francis Heston, Dennis Gill, and Marguerite C. Hayes.

The action stems from an accident involving a 1966 Mercury Cyclone GT

driven by defendant Ronald James Gill, the brother of Dennis, and a motorcycle driven by John Shannon Campbell. The plaintiffs seek to hold the movants herein liable for civil damages as "owners" of the 1966 Mercury under the provisions of Iowa Code § 321.493, which provides:

In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the motor vehicle shall be liable for such damage.

A person who has made a bona fide sale or transfer of his right, title, or interest in or to a motor vehicle and who has delivered possession of such motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of such motor vehicle by another * * *. The provisions of subsection 2 of section 321.-45 shall not apply in determining, for the purpose of fixing liability hereunder, whether such sale or transfer was made.

Defendant Heston, d/b/a LeClaire Wrecking Service, purchased the automobile at an auction at the behest of defendant Dennis Gill. He was paid the full purchase price plus a stipend for his services by Gill who obtained at least a portion of the money needed for the purchase from his mother, defendant Hayes. Heston apparently executed an assignment of the title but never properly transferred it to Gill because the car had not passed an Iowa vehicle inspection. Heston still has the title in his possession. Subsequent to his attempted purchase of the auto from Heston, Dennis Gill transferred his interest therein to his brother, Ronald James Gill, the driver of the vehicle in the accident. Again, there was no proper assignment of title. Although Iowa's motor vehicle inspection statute, Iowa Code § 321.238, was in force at all times material herein, the auto never successfully passed an inspection.

## I. Francis Heston

Defendant Heston claims that he ceased to be the owner of the Mercury when he gave possession thereof to Dennis Gill, notwithstanding Heston's failure to comply with Iowa Code § 321.45, which provides, in relevant part:

2. No person shall acquire any right, title, claim or interest in or to any vehicle subject to registration under this chapter from the owner thereof except by virtue of a certificate of title issued or assigned to him for such vehicle * * * nor shall any waiver or estoppel operate in favor of any person claiming title to or interest in any vehicle against a person having possession of the certificate of title * * * except in case of: * * *

d. Except for the purposes of section 321.493.

Heston argues that his failure to properly assign the title is irrelevant in so far as liability under § 321.493 is concerned since both that section and section 321.-45(2)(d) specifically so provide.

Plaintiffs take no exception to this position. They argue, instead, that Heston did not make a "bona fide sale or transfer" of his title or interest in the automobile because he failed to comply with the motor vehicle inspection statute, Iowa Code § 321.238, which provides in part:

321.238(12) Every motor vehicle * * * when sold at retail * * * or otherwise transferred * * * shall be inspected at an authorized station * * *. The applicant shall file with an application for title to the vehicle * * * a statement * * * signed by an authorized inspection station certifying the date that a certificate of inspection was issued for and affixed to the vehicle. The county treasurer shall not issue a title to the vehicle * * * unless such statement is filed with the application showing that the inspection of the vehicle was made not more than sixty days prior to the date of sale or transfer. * * *

321.238(18) A person shall not sell or transfer any motor vehicle, other than transfers to a dealer * * * unless there is a valid official certificate of inspection affixed to such vehicle at the time of sale. Any person violating the provisions of this section shall be subject to a fine of one hundred dollars and shall be liable to the purchaser in damages for all costs involved in obtaining a valid certificate of inspection for such vehicle.

Plaintiffs contend that, although a seller who has delivered possession of, but not properly transferred title to, an automobile may avoid owner's liability under Iowa Code § 321.493, a seller cannot escape owner's liability by delivering possession of an automobile which has not passed the required inspection and which cannot be transferred under Iowa Code § 321.238. The Iowa Supreme Court has not considered this question.

Apparently attempting to classify § 321.238 as a mere vehicle registration provision, however, Heston insists that §§ 321.493 and 321.45(2) evince a clear legislative attempt to absolve transferors of motor vehicles from civil liability predicated solely on failure to comply with such provisions. Additionally, he takes the position that the enactment of § 321.238(17), which makes failure to comply with any of the provisions of § 321.238 a misdemeanor, coupled with the legislature's failure to amend §§ 321.45 and 321.493 to provide specifically for civil liability for transferors of vehicles which have not passed a safety inspection, creates a presumption that the legislature intended to make a small criminal penalty the sole liability faced by such transferors.

■ Heston's arguments are unpersuasive.[1] It would be erroneous to read into the legislature's criminalization of failure to comply with § 321.238 an intention to shield those who do not comply from the risk of civil liability to third persons for their omissions. Section 321.482 makes it a misdemeanor to violate any provision of chapter 321. If Heston's argument is valid, he would have to take the position that the legislature must have intended to shield everyone who violates any provision of the chapter from civil liability. The absurdity of this position is self-evident.

As for his claim that the legislature's failure to amend §§ 321.45 and 321.493 is significant, the Court need only ask: Significant of what? Section 321.493 is a general liability-imposing provision. It places the onus of civil liability on all consenting owners *except* those who, but for a defective or incomplete transfer of title, would have no ownership interest at all. Had the legislature intended to broaden the scope of § 321.493's exception to include those who fail to comply with § 321.238, as Heston argues, it would seem logical to expect that § 321.493 would have been amended so to state. Thus, rather than being an indicium of legislative intent to limit owner liability, the failure to amend seems to be a more likely indicium of intent to hold liable those owners who fail to satisfy the vehicle inspection law's requirements.

■ Nor does exposing a transferor who has not complied with the inspection requirement to possibly substantial civil liability seem inappropriate or inequitable. The purpose of the inspection law is to ensure that vehicles operating on the streets and highways of Iowa meet at least some minimal standard of safety and that operation of such vehicles poses no undue threat to the health and well-being of the people and property in the state. It thus seems

---

1. Heston also argues that his role in the purchase of the automobile was strictly that of an "accomodation buyer". Heston cites no case or statute that accords a special status to accommodation buyers nor can the Court discover any. In the absence of specific statutory or decisional authority so providing, the Court is not inclined to accord any weight to the label Heston seeks to place on his role. An accommodation buyer, like any other potential transferor of an automobile in this state, must comply with the provisions of § 321.238 or run the risk of liability for failure to do so.

reasonable and just to hold transferors of motor vehicles to a greater responsibility with regard to inspection of their vehicles than with regard to the proper execution and registration of title documents. While failure to transfer a title properly may make the orderly collection of vehicle taxes more difficult or complicate the financing of vehicle purchases, the operation of potentially unsafe automobiles poses a substantial threat to the lives of all within their reach.

■ Accordingly, the Court holds that Heston's failure to have the Mercury inspected prior to transferring it to Dennis Gill barred him from making a bona fide transfer or sale of that vehicle. Francis Heston was an owner of the Mercury for the purposes of § 321.-493.

■ In reaching this result the Court does not disregard the import of the provision in § 321.493 directing that § 321.45(2) shall not apply in determining whether a proper transfer has been made. As the Iowa Supreme Court has recognized, the purpose of the exception in § 321.493 is to avoid the predication of liability on the mere failure to execute the proper paperwork. *See* Hartman v. Norman (1961), 253 Iowa 694, 112 N.W.2d 374. The sale of an uninspected and potentially unsafe vehicle is a transgression of a much greater magnitude. This may be the reason the legislature did not broaden the § 321.45 exemption from civil liability to cover the failure to comply with § 321.238.

■ The determination that Heston was an "owner" of the Mercury does not end the Court's inquiry, for liability also depends on consent. Iowa Code § 321.493; *see e. g.*, Krausnick v. Haegg Roofing Co. (1945), 236 Iowa 985, 20 N.W.2d 432. In this case, the Court is of the opinion that the affidavits and depositions before it, coupled with the presumption of consent that arises from ownership; *see* Schneberger v. Glenn (Iowa, 1970), 176 N.W.2d 782, 784; creates a sufficient factual dispute to make

resolution of the consent question inappropriate in a summary judgment setting. Therefore, defendant Heston's motion for summary judgment will be denied.

## II.   Marguerite C. Hayes

■ With regard to defendant Hayes, the record establishes the uncontested fact that she was involved in the purchase of the automobile solely as an extender of credit to Dennis Gill. The parties never contemplated that she would take possession of the automobile or exercise dominion over it in any manner. Accordingly, she was not an "owner". *See* Iowa Code § 321.1(36). Not being an owner, § 321.493 is inapplicable to her and her motion for summary judgment will be granted.

## III.   Dennis Gill

■ Defendant Dennis Gill contends in the alternative (1) that he transferred his interest in the 1966 Mercury to his brother Ronald and made a bona fide transfer or sale of the car, or (2) that he never acquired an ownership interest therein sufficient to incur § 321.-493 liability in the first place.

As the foregoing discussion of Francis Heston's attempted transfer of his interest in the Mercury indicates, the Court is of the opinion that a bona fide transfer or sale cannot be made unless § 321.238 is satisfied. Thus, if Dennis Gill acquired a § 321.493 ownership interest, his failure to have the car pass a vehicle inspection prior to his sale of it to his brother prohibited his divestiture of that ownership interest.

Addressing himself to the threshold question of whether he acquired such an interest, defendant Gill makes an argument that is at least facially persuasive: If, as the Court has above ruled, Francis Heston could not transfer his ownership interest, then Dennis Gill could not acquire such an interest since he could acquire no right or interest in the vehicle independent of that transferred to

him by Francis Heston. While this argument may be logically consistent it is based on a faulty premise, namely, that there can be but a single owner for the purposes of § 321.493. When Dennis Gill acquired possession of the Mercury from Francis Heston he would have, but for the operation of the vehicle inspection provision, become a § 321.493 "owner". The argument raised by Gill, in effect, asks the Court to hold that § 321.238 is a two-edged sword—operating, on the one hand, to expose Francis Heston to owner's liability for his failure to have the Mercury pass inspection prior to his transfer of it to Dennis Gill and operating, on the other hand, to shield Dennis Gill from owner's liability notwithstanding Dennis Gill's failure to have the same vehicle pass inspection prior to his transfer of it to Ronald James Gill. This the Court is unwilling to do.

It is far more consonant with the perceived legislative intent underlying § 321.238 to hold Dennis Gill to the same responsibility for inspection as that to which Francis Heston is being held. Once he acquired possession of the auto, Dennis Gill had an independent opportunity, and hence an independent duty, to have it inspected prior to transferring it to a subsequent purchaser. The Court is thus of the opinion that Dennis Gill, by paying Francis Heston the full purchase price of the auto and taking possession thereof, became a § 321.493 owner. His failure to have that auto pass inspection prior to his transfer of it to his brother barred him from making a bona fide sale or transfer thereof, and, as in the case of Francis Heston, should plaintiffs be able to establish the requisite element of consent, Dennis Gill will be liable to them to the full extent provided in § 321.493. His motion for summary judgment must be denied. Therefore,

It is hereby ordered that the motions for summary judgment filed by defendants Francis Heston d/b/a LeClaire Wrecking Service and Dennis Gill be and the same are denied.

It is further ordered that the motion for summary judgment filed by defendant Marguerite C. Hayes be and the same hereby is granted.