Mark PETERSON, Appellant,

v.

FORD MOTOR CREDIT
COMPANY, Appellee,

and

Christopher Ward, and Jay
Schoning, Defendants.

No. 88–1210.

Supreme Court of Iowa.

Nov. 22, 1989.

Joseph L. Fitzgibbons and Harold W. White of Fitzgibbons Bros., Estherville, for appellant.

John D. Mayne of Mayne & Mayne, Sioux City, for appellee.

Considered by SCHULTZ, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

In this appeal, we must determine whether the lessor of a motor vehicle may be an owner liable for damages under Iowa Code section 321.493 (1985). The district court held that Ford Motor Credit Company (Ford Credit) was not an owner, and granted Ford Credit's motion for summary judgment. Because we believe the lessor of a motor vehicle may be an owner liable for damages, we affirm in part, reverse in part, and remand this matter for further proceedings.

Jay Schoning rented a new 1985 Ford Bronco II from Arrow Ford, Incorporated (Arrow Ford), in April 1985. The lease included a purchase option. Arrow Ford then assigned the lease and transferred title to the vehicle to Ford Credit, and Schoning took possession of the vehicle. The certificate of title showed Ford Credit as the owner and Arrow Ford as the prior owner. No lien or security interest was shown on the certificate of title. In July 1985, the Ford Bronco was involved in a one-vehicle accident. The vehicle was driven by Christopher Ward with Schoning's consent. A passenger, Mark Peterson, was injured. Peterson sued Ward, Schoning, and Ford Credit for injuries he received in the accident.

Ford Credit filed a motion for summary judgment, claiming that it was not the owner within the meaning of the owners' responsibility law because it had leased the vehicle to Schoning. Judge James McDonald sustained the motion and dismissed Ford Credit as a defendant. He concluded that "a lessor of a motor vehicle who has relinquished control and dominion over a motor vehicle in favor of a lessee is relieved of liability" under Iowa Code section 321.493. We denied Peterson's appeal from the interlocutory order, and the case proceeded to trial.

At trial, Schoning, the lessee, was treated as the owner, and no mention was made of Ford Credit as the owner. The jury fixed Peterson's fault at ten percent and Ward's fault at ninety percent. Damages were set at $860,000. Judge Frank Nelson entered judgment against Ward and Schoning for $774,000 plus interest and costs. He denied Peterson's motion to amend the judgment on verdict to include judgment against Ford Credit for $774,000 plus interests and costs. Peterson appealed from the court's ruling on the motion for summary judgment and its failure to amend the judgment. No appeal was taken by either Schoning or Ward.

I. *Ford Credit's Summary Judgment.*

Our review of the summary judgment is for correction of errors at law. Iowa R.App.P. 4. In reviewing the grant of a summary judgment under Iowa Rule of Civil Procedure 237(c), the issue is whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law. *Moncivais v. Farm Bureau Mut. Ins. Co.*, 430 N.W.2d 438, 439 (Iowa 1988).

Iowa's owners' responsibility law provides, in part:

In all cases where damage is done by any motor vehicle by reason of negligence of the driver, and driven with the consent of the owner, the owner of the

motor vehicle shall be liable for such damage.

A person who has made a bona fide sale or transfer of the person's right, title, or interest in or to a motor vehicle and who has delivered possession of such motor vehicle to the purchaser or transferee shall not be liable for any damage thereafter resulting from negligent operation of such motor vehicle by another, but the purchaser or transferee to whom possession was delivered shall be deemed the owner.

Iowa Code § 321.493. The term "owner" is defined in Iowa Code section 321.1(36):

*"Owner"* means a person who holds the legal title of a vehicle, or in the event a vehicle is the subject of a security agreement with an immediate right of possession vested in the debtor, then such debtor shall be deemed the owner for the purpose of this chapter.

When construing the owners' responsibility law, elementary principles of statutory construction govern our review. Our ultimate goal is to ascertain and give effect to the intention of the legislature. *Kohrt v. Yetter,* 344 N.W.2d 245, 246 (Iowa 1984). The court searches for legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13). We consider the language of the statute and the objects sought to be accomplished. *Slager v. HWA Corp.,* 435 N.W.2d 349, 352 (Iowa 1989).

Our review also focuses upon the meaning and effect of the leasing agreement. In the construction of written contracts, the cardinal principle is that the intent of the parties must control; and except in cases of ambiguity, this is determined by what the contract itself says. Iowa R.App.P. 14(f)(14). When neither party offers extrinsic evidence concerning the interpretation of the relevant contract language, the interpretation of that language by the court is a question of law. *Moncivais,* 430 N.W.2d at 440.

▪ In ruling upon Ford Credit's motion for summary judgment, Judge McDonald concluded Ford Credit was not an "owner" within the meaning of section 321.493. The court drew an analogy between conditional sales and leases in its ruling:

The Iowa cases that preceded the enactment of the second paragraph of Section 321.493 of the Code place considerable emphasis on the fact that a conditional seller who has parted with possession and control of a motor vehicle is helpless in the matter of control and in the matter of the uses to which the vehicle is put by the vendee. (Citation omitted.) In 1955 the second paragraph of Section 321.493 was enacted by the Iowa Legislature. This clearly covered the question of ownership in the case of a bonafide sale but did not refer specifically to a lease. With regard to the critical element of control or dominion, the Court can see no distinction between a conditional sale and a lease.

The court concluded that a lessor who has relinquished control and dominion over a motor vehicle in favor of a lessee is relieved of liability under section 321.493 and that the lessee is deemed the owner.

We do not believe that control and dominion are controlling factors in determining whether a lessor may be an "owner" within the meaning of the owners' responsibility law. The statute is broad, comprehensive, and unequivocal in its terms and meaning. *Robinson v. Bruce Rent–A–Ford, Co.,* 205 Iowa 261, 264, 215 N.W. 724, 725, 61 A.L.R. 851, 854 (1927). It makes the owner liable for damages to third persons resulting from the negligent operation of a motor vehicle by any person in possession of it and operating it with the owner's consent. *Id.* Under the owners' responsibility law, the titleholder is the owner unless (A) the vehicle is the subject of a security agreement with an immediate right of possession in the debtor, or (B) the person's right, title, or interest in the motor vehicle has been sold or transferred and possession delivered to the purchaser or transferee. *See* Iowa Code §§ 321.1(36) & 321.493. In those instances, the debtor, purchaser, or transferee in possession shall be deemed the owner. *Id.*

▪ A. *Security Agreement Exception.* Under the statutory definition of an

owner, a debtor is deemed the owner of a vehicle if the vehicle is subject to a security agreement with an immediate right of possession vested in the debtor. Iowa Code § 321.1(36). We do not believe that the original transaction between Arrow Ford and Schoning may be characterized as a security agreement. A "security agreement" is a contract between the secured party and the debtor specifying what the security interest is. *First State Bank v. Shirley Ag Serv., Inc.*, 417 N.W.2d 448, 452 (Iowa 1987). *See also* Iowa Code § 554.9105(1)(*l*). The security agreement must manifest an intent to create or provide for a security interest. *F.S. Credit Corp. v. Shear Elevator, Inc.*, 377 N.W.2d 227, 231 (Iowa 1985). "Security interest" means an interest in personal property or fixtures which secures payment or performance of an obligation. Iowa Code § 554.1201(37). Upon satisfaction of the underlying obligation, the debtor owns the property free and clear of the security interest.

The courts recognize that a lease coupled with a purchase option may be used as a financing device to facilitate sales. *See* 1950 Op.Iowa Att'y Gen. 166, 168. Prior to 1965, the definition of "owner" in Iowa Code section 321.1(36) reflected this commercial practice. It provided that in the event the vehicle was the subject of a conditional sale agreement or a lease with a purchase option, with an immediate right of possession in a conditional vendee or lessee, then the conditional vendee or lessee would be deemed the owner. Iowa Code section 321.1(36) (1962). Under the pre–1965 definition, only where the lease arrangement was a sales financing device would the lessee be deemed the owner. 1950 Op.Iowa Att'y Gen. at 169. Whether the lease arrangement is a sales financing device depends upon whether the option to purchase can be exercised by payment of a nominal amount at the end of the stipulated rental period, or whether a substantial additional amount is required to complete the payment of the purchase price. 1950 Op.Iowa Att'y Gen. at 168. We give respectful consideration to the opinions of the attorney general. *Sioux City Commu-*

*nity School Dist. v. Iowa State Bd. of Pub. Instruction*, 402 N.W.2d 739, 742 (Iowa 1987).

In 1965, the present definition of "owner," which includes debtors in possession of a motor vehicle subject to a security interest, was adopted along with the adoption of the Uniform Commercial Code (UCC). 1965 Iowa Acts ch. 413, § 10107. The UCC also recognizes that a lease coupled with a purchase option may be used as a financing device to facilitate sales. Under the UCC, whether a lease is intended as security is to be determined by the facts of each case. Iowa Code § 554.1201(37). Some guidance is provided by Iowa Code section 554.-1201(37):

> [H]owever, *(a)* the inclusion of an option to purchase does not of itself make the lease one intended for security, and *(b)* an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

Courts look to the "economic realities" as an indicator of whether a "lease" is in fact a security agreement. *See Towe Farms, Inc. v. Central Iowa Prod. Credit Ass'n*, 528 F.Supp. 500, 503 (S.D.Iowa 1981). *See also* J.J. White & R. Summers, *Uniform Commercial Code* § 21–3, pp. 932–37 (3d ed. 1988).

The agreement between Schoning and Arrow Ford refers to itself as a "lease." The lease provides that it will be assigned to Ford Credit. It provides that the vehicle will be titled in the name of Ford Credit. It provides that the lessee agrees to pay forty-eight monthly payments of $287.61. At the end of the lease term, Schoning would not own the vehicle. Rather, the lease required him to return the vehicle to Arrow Ford or to such place as Ford Credit may direct.

The lease contains a purchase option. At the end of the lease, Schoning had the option to purchase the vehicle for $7600. We note that the assignment provision states that Arrow Ford and Ford Credit

agree that the lease-end residual value of the vehicle is $7,329.46. The option to purchase could not be exercised by payment of a nominal amount of money. Instead, a substantial additional amount, roughly equal to the estimated residual value of the vehicle, was necessary to exercise the purchase option. Schoning was not obligated, either by the contract or by common sense, to exercise the option.

Other terms in the lease indicate that it was not intended as a financing device to facilitate a sale. The agreement between Schoning and Arrow Ford simply does not manifest an intent to create or provide for a security interest. We hold that the lease was not a security agreement within the meaning of Iowa Code section 321.1(36). We need not consider the nature of the relationship between Arrow Ford and Ford Credit.

■ B. *Sale or Transfer Exception.* Section 321.493 "places the onus of civil liability on all consenting owners *except* those who, but for a defective or incomplete transfer of title, would have no ownership interest at all." *Campbell v. LeClaire Wrecking Serv.*, 380 F.Supp. 555, 558–59 (S.D.Iowa 1974) (emphasis in original). The purpose of the exception contained in section 321.493 is to avoid the imposition of liability upon the prior owner merely for failing to effect a transfer of the title certificate to the new owner. *See Hartman v. Norman*, 253 Iowa 694, 701–04, 112 N.W.2d 374, 378–80 (1961). *See also Campbell*, 380 F.Supp. at 558–59. Here, the lessor retained ownership of the vehicle. The original transaction between Arrow Ford and Schoning did not constitute a sale or transfer of Arrow Ford's right, title, or interest in the vehicle.

Consequently, the transaction falls within neither of the statutory exceptions to the general statutory rule that the titleholder is vicariously liable for damages caused by the negligent driver who is allowed to use the vehicle. We believe our decision is harmonious with the purpose of the owners' responsibility law and the legislative intent as expressed in Iowa Code chapter 321F on the leasing and renting of vehicles.

The purpose of Iowa Code section 321.493 is to protect an innocent third party from the careless operation of a motor vehicle and to make the owner responsible for the negligence of one to whom the owner entrusted its operation. *Briner v. Hyslop*, 337 N.W.2d 858, 870 (Iowa 1983). Such laws are meant to protect injured persons against the financial irresponsibility of drivers. *Prosser & Keeton on Torts* § 73, pp. 522–25 (5th ed. 1984). For this reason, Iowa law requires that motor vehicle lessors file evidence of financial responsibility covering all motor vehicles which may be leased by the lessor. Iowa Code § 321F.6. We conclude the court erred in granting Ford Credit's motion for summary judgment.

II. *Peterson's Motion to Amend Judgment on Verdict.*

■ Judge Nelson denied the motion to amend judgment, concluding that the court did not have authority to modify the judgment entered by adding Ford Credit as a defendant. We agree that the court had no authority to modify the judgment entered upon the jury's verdicts to include a judgment for Peterson against Ford Credit. Ford Credit was dismissed from the case by the ruling granting its motion for summary judgment.

III. *Disposition.*

The parties have presented other issues for review, including issue preclusion, ownership and consent, and election of remedies. The district court made no rulings on these other issues. We consequently have nothing to review. *Junkins v. Branstad*, 421 N.W.2d 130, 136 (Iowa 1988). The district court can address these issues on remand when properly presented.

We reverse the summary judgment, affirm the denial of the motion to amend judgment, and remand for further proceedings consistent with this opinion. The costs of appeal are taxed ⅓ against Peterson and ⅔ against Ford Motor Credit Company.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.