**In the Matter of R.L.D., A Minor, Alleged to be Seriously Mentally Impaired.**

**Appeal of M.D. and K.D., Husband and Wife.**

**No. 89–1194.**

Supreme Court of Iowa.

June 20, 1990.

Richard C. Swenson, Glenwood, for appellants.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Valencia Voyd McCown, Asst. Atty. Gen., for appellee State of Iowa.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

In this case, we must determine whether the indigent parents of a minor who is the subject of an involuntary hospitalization proceeding under Iowa Code section 229.6A (1987) are entitled to court-appointed counsel. The juvenile court denied the parents' application for appointment of counsel. We affirm.

On April 28, 1987, the juvenile court, James S. Heckerman, district associate judge, concluded that R.L.D. was a child in need of assistance. R.L.D. was about twelve years old at the time. In later juvenile court proceedings over the next two years, the parents, M.D. and K.D., were represented by a court-appointed attorney. During most of this time, R.L.D. was under the care and custody of the Iowa Department of Human Services (department).

On June 13, 1989, the department initiated involuntary hospitalization proceedings, alleging that R.L.D. was seriously mentally impaired. M.D. and K.D. filed an application for appointment of counsel, and attorney Richard Swenson filed a brief in support of their application. The juvenile court, Gary K. Anderson, district associate judge, denied the application, and the parents appeal from the order denying their application.

Our review of involuntary civil commitment proceedings is for correction of errors at law. *In re Oseing*, 296 N.W.2d 797, 801 (Iowa 1980). Although constitutional issues have been raised on appeal, the record shows that only statutory grounds for appointment of counsel were raised in the trial court. Accordingly, the scope of review applicable where constitutional issues are raised will not be utilized, and we limit our discussion to the relevant statutes.

■ When construing statutes, our ultimate goal is to ascertain and give effect to the intention of the legislature. *Peterson v. Ford Motor Credit Co.*, 448 N.W.2d 316, 318 (Iowa 1989). We consider the language of the statute and the objects sought to be accomplished. *Id.*

In 1987, the legislature approved an act relating to the jurisdiction of the juvenile court in hospital admission of minors and the admission procedures for minors. *See* 1987 Iowa Acts ch. 90. The Act provides that in the case of a minor's hospital admission as a voluntary patient the juvenile court shall appoint an attorney to represent the minor if the minor does not have an attorney. 1987 Iowa Acts ch. 90, § 2 (codified at Iowa Code § 229.2(1)(c) (Supp.1987)).

The Act further provides that in the case of a minor's involuntary admission, the juvenile court has exclusive original jurisdiction. 1987 Iowa Acts ch. 90, § 3 (codified at Iowa Code § 229.6A). The procedural requirements of chapter 229 are the exclusive procedure for involuntary hospitalization of minors alleged to be seriously mentally impaired. *See id.;* 1987 Iowa Acts ch. 90, § 4 (codified at Iowa Code § 229.26). Under Iowa Code section 229.8, the minor is entitled to court-appointed counsel in the case of involuntary hospitalization.

■ Legislative intent is shown by what the legislature said, rather than what it

should or might have said. Iowa R.App.P. 14(f)(13). The Act shows the legislature considered entitlement to court-appointed counsel. By providing court-appointed counsel for the minor, the legislature implicitly refused to extend that entitlement to the minor's parent, guardian, or custodian. *See Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 262–63 (Iowa 1986).

In those instances where the legislature has intended to provide court-appointed counsel for the parent, guardian, or custodian of a minor in juvenile court proceedings, the legislature has clearly stated its intention. For instance, in child in need of assistance proceedings, the parent, guardian, or custodian is entitled to court-appointed counsel. *See* Iowa Code § 232.89(1). In proceedings to terminate parental rights, the parent is entitled to court-appointed counsel. *See* Iowa Code § 232.113. In family in need of assistance proceedings, the parent, guardian, or custodian is entitled to court-appointed counsel. *See* Iowa Code § 232.126. Involuntary hospitalization proceedings do not fall under any of these categories.

When we consider the objects sought to be accomplished, we find the legislature intended to protect the rights and interests of the minor alleged to be seriously mentally impaired. The procedural requirements contained in the Act and those requirements of chapter 229 made applicable to minors by the Act benefit the minor in voluntary or involuntary hospitalization proceedings. We conclude that the legislature deliberately made no provision for the appointment of counsel to represent the parent, guardian, or custodian of a minor facing involuntary hospitalization.

The juvenile court order denying the parents' application for court-appointed counsel is affirmed.

AFFIRMED.