In re the MARRIAGE OF Mary Margaret DELMEGE and Peter J. Delmege.

Upon the Petition of Mary Margaret Delmege, n/k/a Mary Margaret Mundy, Appellee,

And Concerning Peter J. Delmege, Appellant.

No. 92–407.

Court of Appeals of Iowa.

May 4, 1993.

Eric Borseth of Borseth & Greene Law Office, Pleasant Hill, for appellant.

Victoria E. Lawry of Dunahoo & Lawry, Des Moines, for appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

The sole issue in this appeal is whether the trial court correctly determined respondent-appellant Peter J. Delmege's delinquent child support obligation. The trial court determined the delinquency to be $14,758.74. Peter appeals contending the delinquency should be less and the trial court failed to recognize an earlier order determining delinquency. We reverse and remand.

The marriage of Peter and petitioner-appellee Mary Margaret Delmege was dissolved in June 1987. Physical care of the parties' three children was granted to Mary Margaret and Peter was ordered to pay child support of $550 a month decreasing as each child reached his or her majority.

Peter paid support but not in the full amount ordered and by October 1989, he had a substantial delinquency. Mary Margaret made an application for a wage assignment and on October 9, 1989, at Mary Margaret's request, the trial court entered an ex parte order ordering the requested wage assignment. As a part of that order, the trial court made a specific finding that Peter had a child support arrearage in the amount of $11,450 as of October 9, 1989.

When the matter of Peter's arrearages came before the court again in the matter from which this appeal was taken, Peter took the position the October 1989 order established his arrearages as of October 1989. Mary Margaret took the position the October 1989 order did not establish Peter's arrearages as of October 1989 and his arrearages as of October 1989 were larger than $11,450 because in arriving at the figure of $11,450, the trial court in 1989

had not included interest accrued on the delinquent support.

The trial court in this action rejected Peter's claim the October 1989 determination of delinquent child support was res judicata. The trial court determined the "Order for a Wage Assignment" was only an administrative act to provide a vehicle for collecting delinquent support. The trial court, therefore, in arriving at $14,578 as the amount of support delinquent included in addition to $11,450, the interest that would have accrued on any delinquent support prior to October 1989.

Peter on appeal contends the October 1989 order and finding by the court was res judicata as to his delinquency as of October 9, 1989, and the trial court erroneously held otherwise.

■ Res judicata which includes both claim and issue preclusion adds finality to judicial decisions. *See Young v. O'Keefe*, 248 Iowa 751, 755, 82 N.W.2d 111, 114 (1957). The burden to prove an issue or a claim should not be relitigated because it has been litigated before is on the party asserting it; in this case, Peter. *See Bloom v. Steeve*, 165 N.W.2d 825, 827 (Iowa 1969).

■ To sustain his burden Peter must show that the former case involved the same parties or parties in privity, the same cause of action and the same issues. *Id.*

■ Clearly, the October order meets this criteria. Peter and Mary Margaret were the parties and it involved a determination of the amount of delinquent child support.

An important element, too, is, even though the order was an ex parte order, it was an ex parte order entered at Mary Margaret's request. Peter did not have an adequate opportunity to have a fair adjudication in the initial action. However, while the fact Peter did not have an adequate opportunity to have a fair adjudication may have been relevant if Mary Margaret were attempting to prevent Peter from relitigating the amount, the fact Peter did not have that opportunity is not a factor in Mary Margaret's favor in this action. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 124–

25 n. 4 (Iowa 1981) (citing Restatement (Second) of Judgments § 68.1 (Tent.Draft No. 1977)), advances there may be a need for a new determination of the issue if, among other things, "the party sought to be concluded, as a result of the conduct of his adversary or other special circumstances, 'did not have an adequate opportunity to obtain a full and fair adjudication in the initial action."

The October 1989 order was not an administrative order. An order by a trial court is not an administrative order. *State ex rel. Keasling v. Keasling*, 442 N.W.2d 118 (Iowa 1989), cited by Mary Margaret does not say otherwise. *Keasling* finds an order by the department an administrative order. Here we have an order by a trial court. Mary Margaret, in the October 1989 matter, introduced the delinquency and, on her request, the trial court made a finding of delinquency. Fair or unfair, right or wrong, she cannot be heard to complain the order she had entered should not be binding on the issue when all other aspects of res judicata are met.

We reverse and remand to the trial court to recompute the support due by using $11,450 as the amount delinquent and accrued as of October 9, 1989.

Costs on appeal are taxed to Mary Margaret.

**REVERSED AND REMANDED.**