**In the Interest of B.G. and S.G., Minor Children,**

**State of Iowa, Appellant.**

**No. 92–1792.**

Supreme Court of Iowa.

Nov. 24, 1993.

Bonnie J. Campbell, Atty. Gen., John Parmeter, Sp. Asst. Atty. Gen., and Robert R. Huibregtse, Asst. Atty. Gen., for appellant.

Considered by McGIVERIN, C.J., and LARSON, NEUMAN, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

The issue in this case is whether a parent's support obligation to pay the costs of foster care, determined under Iowa Code section 234.39(1), can be offset by past-due child support owed to the parent and assigned to the State. The trial court held that past-due child support proceeds owed to a parent could be used to offset the past, current, and future liability of that parent for her support obligations under chapter 234. The State appealed from the district court's order. We reverse and remand.

## I. Background Facts.

W.B. is the mother of two children, B.G. and S.G., who were determined to be children in need of assistance under chapter 232 of the Iowa Code. The district court entered separate dispositional orders for each child placing them in foster care. The Department of Human Services (Department) then notified W.B. that she had responsibility to pay the costs of foster care. At the Department's request W.B. assigned past-due child support owed by the children's father to the Department.

After obtaining financial information from W.B., the Department recommended that W.B.'s support obligation be set at $210 per month for each child. The court held a hearing during which the Department submitted its recommendation and W.B. submitted documentary evidence with respect to her current income and expenses.

The court subsequently entered an order concluding that the amount recommended by the Department would be contrary to the goals of the case plans to return B.G. and S.G. to their mother. The district court held that the Department should "use back child support for current and past-due support for which [W.B.] would be liable." Without establishing the amount of W.B.'s support obligation, the court ordered W.B. to assign past-due child support "for purposes of her past and future parental liability in these matters." On appeal, the State argues that unpaid child support cannot serve as an offset against an individual's parental liability under section 234.39(1). We agree.

## II. Statutory Framework.

The source of W.B.'s support obligation for her children's foster care is Iowa Code section 234.39 (1991), *amended by* 1992 Iowa Acts ch. 1195, sections 303–304. Section 234.39(1) requires the court to establish the amount of a parent's support obligation for the cost of foster care provided by the Department of Human Services, if a support obligation has not previously been established. *Id.* The court is instructed to determine the amount of this support "in accor-

dance with the child support guidelines prescribed under section 598.21." *Id.* The statute further provides that the court may deviate from these guidelines "after considering a recommendation by the department for expenses related to goals and objectives of a case permanency plan." *Id.*

In 1992, section 234.39 was amended by the legislature to provide for the automatic assignment of a noncustodial parent's support obligation to the Department when foster care is provided. 1992 Iowa Acts ch. 1195, § 304 (codified as amended at Iowa Code § 234.39(3) (1993)). This amendment also required the court to make written findings of fact which specify the reason for the court's deviation from the child support guidelines. *Id.* § 303.

In summary, section 234.39 contemplates reimbursement for foster care expenses from two sources: (1) parental support assessed pursuant to section 234.39(1); and (2) assigned periodic support payments owed by a noncustodial parent. In this way, the statute provides for support contributions from both the formerly custodial parent or parents and, in the case of separation or dissolution, from the noncustodial parent as well. This statutory scheme is consistent with both parents' duty to support their children. *See In re Marriage of Carney,* 206 N.W.2d 107, 113 (Iowa 1973) (both husband and wife have a legal obligation to support their children).

### III. *Construction of Statute.*

In the present case, we must determine whether the legislature intended that the obligation of the noncustodial parent assigned under section 234.39(3) may be used as an offset for the support obligation of the other parent assessed under section 234.-39(1). In making this determination, we consider the language of the statute and the object sought to be accomplished. *In re R.L.D.,* 456 N.W.2d 919, 920 (Iowa 1990).

It is not difficult to discern the goal of section 234.39. That provision itself states that chapter 234 is intended to place primary responsibility for the cost of foster services on the child's parents. To allow the parent who had custody of the child at the time of foster care placement to escape any support obligation simply because that parent is entitled to periodic support payments from a noncustodial parent would be contrary to legislative intent making *both* parents primarily responsible for the costs of foster care. Additionally, there is no indication in the 1992 amendment that the legislature intended the assignment of a noncustodial parent's support obligation to be in lieu of the parental support assessed under section 234.39(1). For these reasons, we hold that a parent's support obligation must be determined within the parameters of section 234.39(1) without regard to that parent's entitlement to support payments from the noncustodial parent.

### IV. *Disposition.*

We reverse the order of the district court and remand this case for a determination of W.B.'s support obligation. This obligation shall be determined independent of the fact that W.B. has assigned her past-due child support payments to the Department. Upon remand, the court may, in its discretion, schedule a hearing to take additional evidence. Furthermore, the court may deviate from the child support guidelines prescribed under section 598.21(4). However, if the court does so, it must make specific written findings of fact supporting the court's reason for deviation from these guidelines, as required by section 234.39(1).

**REVERSED AND REMANDED.**