In re the MARRIAGE OF Diane Lynne VAN VEEN and John Duane Van Veen.

Upon the Petition of

Diane Lynne Van Veen, Appellee,

And Concerning

John Duane Van Veen, Appellant.

No. 94–789.

Supreme Court of Iowa.

March 20, 1996.

Ryan A. Genest of Borseth & Genest, Pleasant Hill, for appellant.

Brad McCall and Lois J. Vroom of the Brierly Law Office, Newton, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, LAVORATO, and SNELL, JJ.

LAVORATO, Justice.

The sole issue in this further review proceeding is whether the court of appeals correctly applied issue preclusion regarding a child support delinquency finding in a mandatory income withholding order. We conclude it did not, vacate its decision, and affirm the judgment of the district court.

Diane Lynne Van Veen n/k/a Diane Clark and John Duane Van Veen were married on September 19, 1976. Their marriage was dissolved on August 21, 1978. During their marriage, they had a son, Nathan.

The dissolution decree awarded Diane custody and physical care of Nathan. The decree also ordered John to pay Diane $30 per week in child support. Over time, John fell substantially behind on his child support payments.

Sometime in 1978, Diane moved to Missouri. She eventually sought aid from the Missouri Division of Family Services (DFS), the state agency charged with recovering back child support payments. She received aid to dependent children benefits from that agency for a period of time in 1984. She continued to use the services of DFS in her

attempts to collect current and back child support from John in Iowa.

As a result of these efforts, the Iowa Child Support Recovery Unit (CSRU) determined, on July 12, 1984, that John was $5305 in arrears. The CSRU filed a notice of garnishment on July 18. A week later, the district court entered an order for wage assignment. The order required John to pay $30 per week for current support and $5 per week for the back child support.

On November 19, 1985, Diane, through her private attorney, filed a contempt of court application against John for failure to pay child support. Several weeks later the district court ordered John to give his tax refund to Diane. The court's order also provided for a wage assignment. By 1987, John became current on his child support obligation.

In 1991 the CSRU sought a mandatory income withholding order. The district court ordered John to pay $30 per week for current child support and $15 per week on back support of $7621.

On April 30, 1992, the CSRU again initiated mandatory income withholding proceedings. It did so by filing an application for court-ordered mandatory income withholding pursuant to Iowa Code section 252D.1(3) (1991). On the same day the district court entered an ex parte order for mandatory income withholding against John. The order listed the amount of John's back child support as $8006. This amount did not include accrued interest.

Diane was not notified of the application or the order until after the order was entered. So she had no opportunity to have any say as to the amount of back child support.

In September 1993 Diane filed the modification action underpinning this appeal. In her petition she asked the district court to determine the amount of John's back child support and the amount of current support John should pay.

Following a hearing, the district court calculated John's back child support at $19,401.97 as of the date of the trial. This was March 3, 1994. The $19,401.97 included accrued interest. The court found that John's

net monthly income was $2250. The court also found there was a material and substantial change of circumstances "due to [John's] increase in annual income and also the change in the child support guidelines." The court increased the child support to $522 per month or $120.46 per week, and, in addition, ordered John to pay $25 per week on the back child support. The court also awarded Diane $1500 in attorney fees and assessed court costs to John.

John appealed and we transferred the case to the court of appeals. That court concluded that Diane was precluded from relitigating the back child support prior to the 1992 income withholding order. For that reason the court of appeals determined that the district court had erred in considering the back child support before that date. The court remanded the case for recalculation of the back child support since April 20, 1992.

Additionally, the court of appeals determined that the record was insufficient to allow it to decide whether the value of John's corporate benefits from his corporation should be included in calculating his net income. The court also remanded on this issue.

We granted Diane's application for further review. She asks us to consider only the issue preclusion question.

Because this action is in equity, our review is de novo. Iowa R.App. P. 4.

When Diane offered evidence showing the back child support to be $19,401.97, John made the following objection:

> I'd object to this, your Honor, as not relevant, and it's also been before the court. I'd ask the court to take judicial notice of the court file. And further would inform the court I believe this matter has been established by issue preclusion and should not be litigated here. I think the court from the mandatory wage assignment made a finding of delinquency of child support. And that's binding on this court since no appeal was taken, nor was there a motion to set aside the judgment timely filed.

The court took the evidence subject to John's objection.

■ Later, the district court made the following findings as to the issue preclusion objection:

[A]n order for mandatory income withholding was entered on April 30, 1992 which found that [John] was delinquent in his support payments in the amount of $8006 as of April 20, 1992.

The mandatory income withholding order was obtained through the child support recovery unit and was obtained ex parte under [Iowa Code] section 252D.1(3).

Although [Diane] had asked for assistance in collecting child support through the state of Missouri, she never became a client as such of the Iowa child support recovery unit which obtained the wage order. She had no direct participation in the proceedings and is not precluded by the court's finding that the delinquent amount was as indicated above.

The wage order further found that in addition to the $30 per week for current support, [John] was ordered to pay an additional $15 per week as a reimbursement of delinquent support.

[Diane] now contends that she is entitled to interest on the delinquent amounts and that in fact the total delinquency is $19,401.97, including interest. The court agrees and finds that the delinquency is $19,401.97 as of the day of trial.

For reasons that follow, we agree that Diane is not precluded from relitigating the back child support prior to the April 30, 1992, income withholding order.

■ The four prerequisites for issue preclusion are:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983).

The party asserting issue preclusion has the burden of proof on all four prerequisites. *In re Marriage of Delmege,* 501 N.W.2d 562, 563 (Iowa App.1993). In this case that party is John.

■ Statutory law expressly makes a dissolution of marriage decree subject to modification as to *future* child support payments. *See* Iowa Code section 598.21(8). The district court has no authority to divest parties of rights accrued under the original decree. So even if the court modifies a decree and lowers payments, the order operates prospectively, not retrospectively. In short, the district court has no authority to reduce or eliminate child support that has accrued. *Gilliam v. Gilliam,* 258 N.W.2d 155, 156–57 (Iowa 1977).

Here the district court apparently had these principles in mind when it entered the April 30 ex parte order because the order expressly disavows any intention to affect *any* arrearages. On this point the order states:

IT IS FURTHER ORDERED that this order for mandatory income withholding shall not waive or modify the support order which obligated Petitioner/Respondent to pay child support. Any arrearages existing under the terms of said order or decree shall continue to be due and owing and may be collected by any other civil or criminal remedy provided by law.

In these circumstances, we cannot say that the issue of arrearages was concluded by the April 30 order.

■ Our statutory laws on income withholding also recognize the principles regarding child support arrearages cited above from *Gilliam.* Iowa Code section 252D.23 (1995) provides:

An income withholding order entered by the child support recovery unit pursuant to this chapter shall be filed with the clerk of the district court. Upon filing, for the purposes of demonstrating compliance by the employer, trustee, or other payor, the withholding order shall have all the force, effect, and attributes of a docketed order

of the district court including, but not limited to, availability of contempt of court proceedings against an employer, trustee, or other payor for noncompliance. *However, any information contained in the income withholding order related to the amount of the accruing or accrued support obligation which does not reflect the correct amount of support due does not modify the underlying support order.*

(Emphasis added.)

The italicized language makes clear that in administrative withholding orders the amount of arrearages stated is not conclusive. It is true this statute only applies to administrative withholding orders and not to judicial income withholding orders. No comparable statute exists as to judicial income withholding orders. Nevertheless, we fail to see why, irrespective of statute, the rule should be any different. Statutory law provides the procedure for modifying support orders. Income withholding procedures are not designed to accomplish the same thing. Rather income withholding procedures are designed to ensure collection of support. So there is no need to determine the exact amount owing on the judgment or decree in income withholding proceedings. One need only know that enough of the judgment is owing to justify entry of an income withholding order. We therefore hold that any information in the income withholding order as to the amount of the accruing or accrued support which does not reflect the correct amount of support due is not conclusive. Any language to the contrary in *In re Marriage of Delmege* is overruled.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**