Angela Sue **AUDAS**, Appellant,

v.

Michael R. **SCEARCY**, Appellee.

No. 94–2135.

Supreme Court of Iowa.

June 19, 1996.

---

Myron L. Gookin of Foss, Kuiken & Gookin, P.C., Fairfield, for appellant.

James W. McGrath and Timothy W. Dille of McGrath & McGrath, P.C., Keosauqua, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

SNELL, Justice.

Appellant, Angela Sue Audas, appeals a district court order denying her petition for modification of a support order. We reverse and remand.

## I. Background Facts and Proceedings

Angela Sue Audas gave birth to a son, Derek Michael Audas, on January 7, 1992. Michael R. Scearcy, a coworker, was suspected to be the father of the child. Angela sought assistance from the Iowa Child Support Recovery Unit (hereinafter CSRU) to establish paternity and obtain child support. According to Angela's understanding, the CSRU would determine paternity using blood tests and then obtain an order for past and future child support as well as medical support. Following administration of blood tests, the CSRU obtained a Consent Judgment and Order Establishing Paternity. The order determined Scearcy was the father of Angela's child and ordered him to pay future support and provide health insurance through his employer. No provision was made for past support or past or future unreimbursed medical expenses.

Angela phoned CSRU after receiving a copy of the order in the mail. When she spoke with a representative of CSRU, Angela was told that because she is not receiving public assistance, the CSRU will not pursue issues of past support. She was told that if she wished to pursue such an action, she must proceed on her own or with her own private attorney. Angela then filed a petition to modify the order, on the basis it was obtained without her knowledge and consent, to obtain past support and past and future unreimbursed medical expenses. Following trial in the Iowa District Court for Van Buren County, the court ruled she was barred from such an action under Iowa Code chapter 600B (1993). The court did advise she was entitled to an action for future medical payments under the court's continuing juris-

diction to modify a support decree, however, it held the present action was not the appropriate forum in which to grant that relief. From this order, Angela appeals.

## II. Past Support and Past Unreimbursed Medical Expenses

■ Although this case was filed and tried in equity, our review is on error assigned, not de novo. *Wehling v. Rottinghaus,* 204 N.W.2d 592, 593 (Iowa 1973). The Judgment and Order Establishing Paternity obtained by the CSRU consisted of a form document setting forth various findings, in many cases with fill-in-the-blank areas and check marks to indicate the appropriate sentences. It provided, inter alia, "Michael R. Scearcy is the father of and Angela Sue Audas is the mother of the following named child: Derek Michael Audas." It established, "current child support" under the Iowa Child Support Guidelines in the amount of $339 per month and future medical support according to Iowa Code chapter 525E (1991), the code chapter requiring the non-custodial parent to obtain health insurance for the child if such is available through the parent's employer.

The document then contains the following words, "Accrued support," followed by "is not at issue herein" preceded by a blank which has been checked with an "x." At the end of the findings is the statement "The parties have agreed to the issues herein . . ." preceded by a blank filled in with a check mark. The caption of the order lists the State of Iowa ex rel. Iowa Department of Human Services on behalf of Derek Michael Audas, and Michael R. Scearcy as the parties to the action. The order is signed by Scearcy, his attorney, and a representative of the state. Angela Audas was never asked to sign the document; she is not listed as a party in the caption. The only time her name appears in the order is in the section identifying her as the child's mother.

■ After obtaining her own attorney, Angela sought modification of the decree to provide past and future unreimbursed medical expenses and past support. The district court, relying on Iowa Code section 600B.30 and the language of the order, stated, "the issue of accrued support must have been determined in the former proceeding, and by the agreement of the parties it was not." Accordingly, the district court concluded that Angela is barred by the provisions of section 600B.30 from now seeking support and medical support that accrued prior to the judgment.

The question whether we may now modify the order is one of issue preclusion and application of section 600B.30. We examined a similar situation recently in *In re Marriage of Van Veen,* 545 N.W.2d 263, 266 (Iowa 1996). In *Van Veen* we set out the four prerequisites to an application of issue preclusion:

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Van Veen,* 545 N.W.2d at 266; *see also Israel v. Farmers Mut. Ins. Ass'n,* 339 N.W.2d 143, 146 (Iowa 1983).

In this case, it is clear the issues of past medical support and past support were neither raised nor litigated in the prior action. The order itself states that past or "accrued support" was not an issue. These questions, therefore, could neither be material and relevant, nor necessary and essential to the judgment. Hence, the doctrine of issue preclusion does not bar Angela from the relief sought.

Furthermore, we do not read section 600B.30 to bar Angela's claim. Section 600B.30 provides in part

An agreement or compromise made by the mother or child or by some authorized person on their behalf . . . shall be binding. . . . The performance of the agreement . . . shall bar other remedies of the mother or child for the support of the child.

Although an order was obtained between CSRU and Scearcy, this does not bar Angela

from seeking relief for questions neither raised nor litigated by the parties to the order. Even were we to read the issue of accrued support as waived by the parties due to their stipulation that it was not in contention, this would not be binding on Angela, as she was not a party to the action and the CSRU was without the authority of Angela to waive these issues; on the contrary, she believed they would *litigate* the issues on her behalf. Because section 600B.30 does not address this type of situation, Angela is not barred from seeking past support and past medical support.

### III. Future Unreimbursed Medical Expenses

 Section 600B.31 of the Iowa Code provides the court with continuing jurisdiction to increase and decrease support judgments when it is appropriate:

> The court has continuing jurisdiction over proceedings brought to compel support and to increase or decrease the amount thereof until the judgment of the court has been completely satisfied, and also has continuing jurisdiction to determine the custody in accordance with the interests of the child.

Iowa Code § 600B.31.

This jurisdiction to modify continues even in light of section 600B.30, the section providing a compromise by the mother bars other remedies. This is true for the duration of the time during which support is due. We see no reason this would not include amounts incurred for future unreimbursed medical expenses. Evidence was presented in this case establishing the child has numerous medical conditions, many of which will continue to plague him for years to come. Because evidence has been presented to establish both parents have roughly the same income, we instruct the district court to modify the order to require Scearcy to be responsible for one-half of Derek's future unreimbursed medical expenses.

### IV. Conclusion

Because Angela's claims are not barred by issue preclusion or the operation of Iowa Code section 600B.30, and the court has con-

tinuing jurisdiction to modify the decree in terms of future support, we remand to the district court for a determination of the appropriate amounts for past support and past unreimbursed medical expenses and a modification to provide Scearcy is responsible for one-half the child's future unreimbursed medical expenses.

Angela has applied for an award of her trial and appellate attorney fees. Pursuant to section 600B.25, judgment shall be entered in her favor against Scearcy for costs and for $1,245.26 for trial attorney fees. Judgment shall also be entered against Scearcy for her appellate attorney fees in the amount of $1000 and for appellate costs.

**REVERSED AND REMANDED.**