STATE of Iowa, ex rel. Logan SCHUDER, Desirae Schuder and Scott Schuder, Minor Children, by Lorie Schuder, as Next Friend, Appellee,

Lorie Schuder, Appellant,

v.

Ronnie H. SCHUDER, Appellee.

No. 97–239.

Supreme Court of Iowa.

May 28, 1998.

Evelyn Ocheltree, Mason City, for appellant.

Thomas J. Miller, Attorney General, Diane Stahle, Deputy Attorney General, and Robert R. Huibregtse, Assistant Attorney General, for appellee.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, ANDREASEN, and TERNUS, JJ.

PER CURIAM.

Lorie and Ronnie Schuder are the divorced parents of three children. An administrative order for child support was entered against Ronnie in 1994. He was ordered to pay $586 in monthly child support for the three children, $502 when only two children were entitled to support, and $366 when only one child remained eligible.

Lorie and Ronnie's oldest child, Scott, was placed in foster care in August 1996. Under Iowa Code section 234.39 (1995 Supp.), parents bear the primary responsibility to pay for the costs of their children's foster care services. Since 1992, a parent whose child was placed in foster care was deemed to have assigned to the Iowa Department of Human Services (DHS) any support payments "attributable to the child." 1992 Iowa Acts ch. 1195, § 304 (codified at Iowa Code § 234.39(3) (1993)).

Accordingly, in October 1996 the State filed a notice of an assignment pursuant to Iowa Code section 234.39(3) which provides in relevant part:

> A person entitled to periodic support payments pursuant to an order or judgment entered in any action for support, who also is or has a child receiving foster care services, is deemed to have assigned to the department current and accruing support payments *attributable to the child* effective as of the date the child enters foster care placement, to the extent of expenditure of foster care funds.

(Emphasis added.)

The effect of the assignment was to reduce by one-third the amount of child support

received by Lorie. Lorie disputed the amount of the assignment and filed an application for a determination of how much of Ronnie's support payments were "attributable to" Scott.

The district court rejected Lorie's argument that the share of child support attributable to Scott should be just $84—the difference between the amount of child support Ronnie was ordered to pay for three children ($586) and the amount he was to pay for two children ($502). Instead, it found the support should be divided equally among the children and the amount of support attributable to Scott under section 234.39(3) was one-third of the total amount paid by Ronnie.

■ Lorie has appealed. She argues the court's ruling is inconsistent with the child support guidelines, frustrates the purposes of foster care, and is contrary to the rules of statutory construction. Because this appeal involves a matter of statutory construction, our review is for errors at law. *See Primm v. Iowa Dep't of Transp.*, 561 N.W.2d 80, 81 (Iowa 1997).

■ In enacting a statute, it is presumed that a just and reasonable result is intended. Iowa Code § 4.4(3) (1997). When construing statutes, this court's goal is to ascertain and give effect to the intention of the legislature, and the court seeks a *reasonable* interpretation that will best effect the purpose of the statute. *Robbennolt v. Snap–On Tools Corp.*, 555 N.W.2d 229, 235 (Iowa 1996). We give weight to an administrative interpretation of a statute. *General Elec. Co. v. Iowa State Bd. of Tax Review*, 492 N.W.2d 417, 420 (Iowa 1992).

■ Section 234.39 was amended in 1992 to provide for the automatic assignment of a noncustodial parent's support payments "attributable to the child" when the child is placed in foster care. 1992 Iowa Acts ch. 1195, § 304 (codified at Iowa Code § 234.39(3) (1993)); *In re B.G.*, 508 N.W.2d 687, 689 (Iowa 1993). At the time that the district court ruled in this case, neither the statute nor DHS regulations defined what

support payments were deemed "attributable to the child" and therefore subject to assignment. We find the pro rata interpretation applied by the district court was based on a reasonable construction of Iowa Code section 234.39.

Our decision is supported by the fact that the legislature amended section 234.39(3) to add the following language:

> Unless otherwise specified in the support order, an equal and proportionate share of any child support awarded shall be presumed to be payable on behalf of each child subject to the order or judgment for purposes of an assignment under this section.

1997 Iowa Acts ch. 175, § 227. The State contends the addition of this language was intended to clarify that support obligations were to be equally apportioned among the children to whom they applied. Lorie argues the amendment supports her position because it constitutes a change rather than a clarification of the existing law.

■ We have held that depending upon the circumstances, a statutory revision may indicate either a marked change in the law or merely a clarification of existing law. *Knight v. Iowa Dist. Ct.*, 269 N.W.2d 430, 434 (Iowa 1978). A statutory revision will not be construed as altering the law unless the legislature's intent to do so is clear and unmistakable. *State Bd. of Eng'g Exam'rs v. Olson*, 421 N.W.2d 523, 525 (Iowa 1988); *Peffers v. City of Des Moines*, 299 N.W.2d 675, 678 (Iowa 1980). An amendment may be enacted so a statute corresponds "to what had previously been supposed was the law rather than to effect a change therein." *Hansen v. Iowa Employment Sec. Comm'n*, 239 Iowa 1139, 1142, 34 N.W.2d 203, 205 (1948).

■ Nothing about the 1997 amendment indicates a clear and unmistakable legislative intent to change the law. The amendment clarified the existing law and the decision of the district court is affirmed.

**AFFIRMED.**