**State of Iowa ex rel. Sena Westendorf, Shawn Westendorf, and Daniel Westendorf, Minor Children, Petitioner,**

v.

**Randy L. Westendorf, Respondent.**

**Randy WESTENDORF, Appellant,**

v.

**Randy WEHLING, Dawn Westendorf, and the State of Iowa ex rel. Daniel Westendorf, Appellees.**

No. 98–1349.

Supreme Court of Iowa.

June 1, 2000.

Rehearing Denied June 19, 2000.*

_____

* CARTER, J., taking no part.

John W. Hofmeyer III, Oelwein, for appellant.

John S. Tremaine, Sumner, for appellee Randy Wehling.

Thomas J. Miller, Attorney General and Patricia A. McGivern, Assistant Attorney General, for appellee State of Iowa.

Dawn Westendorf, Sumner, pro se.

NEUMAN, Justice.

This appeal involves the financial aftermath of an action to overcome paternity under Iowa Code section 600B.41A(4) (Supp.1997). The statute authorizes relief from future support obligations as well as satisfaction of any unpaid support due prior to the order disestablishing paternity.[1] Here the district court made those calculations based on an original order that designated support due on a sliding scale for three children, two children, and one child. The question is how to apply section 600B.41(4)(b) in this situation. Finding no error in the district court's calculation and judgment, we affirm.

The facts are not disputed. Randy and Dawn Westendorf were married in 1984. Three children were born during the marriage. Daniel, born December 29, 1987, is the subject of this controversy.

The Westendorfs were divorced in 1992. The decree granted them joint custody, awarding primary physical placement to Dawn. She had evidently been a long-time recipient of public assistance. So the decree provided that Randy's support obligation would be fixed by a consent order entered in a companion case in Bremer County. Pursuant to that judgment, Randy was ordered to pay child support for the three children in the amount of $350 per month beginning February 1, 1993. When only two children were entitled to support, the amount reduced to $327, and for one child, $239. The order also entered judgment against Randy for accrued support in the amount of $6227, payable in installments of $25 per month.

In 1997, Randy commenced this action under Iowa Code section 600B .41A to disestablish his paternity as to Daniel. The alleged biological father, Randy Wehling, was named in the action, as were Dawn and the State of Iowa. By the time

---

1. The statute states:

    If the court finds that the establishment of paternity is overcome, in accordance with all of the conditions prescribed, the court shall enter an order which provides all of the following:

    *a.* That the established father is relieved of any and all future support obligations owed on behalf of the child from the date that the order determining that the established father is not the biological father is filed.

    *b.* That any unpaid support due prior to the date the order determining that the established father is not the biological father is filed, is satisfied.

    Iowa Code § 600B.41A(4).

the matter came to trial in the district court, genetic testing had confirmed Wehling's paternity. Thus the only disputed issue was the amount of financial relief Randy could claim under section 600B.41A(4).

Randy argued in the district court, and now urges on appeal, that he was entitled to a re-calculation of support owing since the date of the dissolution decree based on the *actual* state of affairs existing at that time. In other words, he believed any credit against his cumulative arrearage should reflect *ab initio* his parentage of only two children, not three. He also sought reimbursement from Wehling for past support and obligations he had "erroneously assumed."

The district court determined that support for two children was fixed in the original judgment in the sum of $327 per month. It therefore ruled that all payments made by Randy under that decree should be applied toward his cumulative obligation for those two children. The court further ordered that the $6227 arrearage calculated in 1993 on the basis of three children should be reduced to $5817, a sum equivalent to support at the two-child level of $327 per month for the period in question. As for the claim that Wehling should reimburse Randy for out-of-pocket expenses incurred from Daniel's birth until Randy and Dawn separated in 1988, the court found no factual or legal basis for the argument. This appeal by Randy followed.

## I. Scope of Review.

■ Actions to establish or overcome paternity are triable as ordinary proceedings and reviewed on appeal for the correction of errors at law. *Dye v. Geiger*, 554 N.W.2d 538, 539 (Iowa 1996). Related issues pertaining to child support, however, are reviewed by this court de novo. *Id.*

## II. Issue on Appeal.

The parties agree that section 600B.41A relieves Randy from any future support for Daniel following the date of the order overcoming paternity. They also agree that such an order must provide for satisfaction of previously unpaid support. The question is how to accomplish the latter task, required by section 600B.41A(4)(b), where, as here, the original order governed support for three children.

■ Randy argues on appeal that fairness dictates a recalculation of the original child support award, and that the district court's failure to do so must be reversed. His argument rests on the theory that the 1993 order was entered "under mistake of fact" and never was "designed" to set a level of support for two children. The appellees counter that principles of res judicata preclude the recalculation Randy seeks. We agree.

■ To prevail on a defense of res judicata, the party asserting the doctrine must prove four prerequisites: (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment. *In re Marriage of Van Veen*, 545 N.W.2d 263, 266 (Iowa 1996). Clearly the support order before us meets these criteria. Notwithstanding Randy's assertions to the contrary, the 1993 order plainly establishes the support owing by Randy when there are only two children entitled to his support. Thus the issues, then and now, are identical. The question of support for two children, as well as for three, was not only litigated by these same parties in the former action but was material, relevant, necessary and essential to the former judgment. Randy's bald assertion that the provision for two children was merely "dicta" is entirely without merit.

Nor are we persuaded by Randy's alternative argument that recalculation based on current child support guidelines is nec-

essary "to set the matter right based on the true state of affairs" at the time of the 1993 decree. He claims that the guidelines amount for two children for a person earning his income during the pertinent period would be $277.91 per month, not $327 as the decree provides. Again, res judicata prevents the recalculation Randy seeks. And with good reason. The doctrine furnishes necessary finality to judicial decisions. In essence, Randy seeks a retroactive modification of the support order for Daniel's two siblings. The district court was without authority to grant such relief. *See Van Veen,* 545 N.W.2d at 266 ("district court has no authority to divest parties of rights accrued under the original decree").

■ Finally, we reject Randy's contention that the fairest result would be to prorate the support due under the 1993 order among the three children in accordance with this court's decision in *State ex rel. Schuder v. Schuder,* 578 N.W.2d 685 (Iowa 1998). *Schuder* involved a specific statutory scheme related to assignment of child support payments to the Iowa Department of Human Services when one child on a multi-child support order is placed in foster care. *Schuder,* 578 N.W.2d at 686. Precise language in the governing statute calls for an "equal and proportionate" division of the child support award for purposes of calculating the assignment. *Id.* at 687. The governing statute before us, Iowa Code section 600B.41A(4), contains no comparable language. Moreover, a prorata reduction would effectively reward the parent who delays in paying support or rectifying an erroneous paternity determination. The potential inequity of such a policy is amply demonstrated here. A one-third satisfaction of the $350 per month support award, as requested by Randy, would equal $116.66 per month, leaving unpaid past support for *two* children of only $233.34 per month, an amount less than the 1993 decreed amount of $239 for *one* child.

In conclusion, we are convinced the order entered by the district court comports with the statutory requirement without violating principles of res judicata applicable to the child support judgment for Daniel or his two siblings. We therefore affirm the judgment of the district court.

**AFFIRMED.**

All justices concur except LAVORATO, J., who takes no part.