Robert E. HEER and Mary
Diana Heer, Appellees,

v.

Robert J. THOLA, Appellant.

No. 98–2282.

Supreme Court of Iowa.

July 6, 2000.

Rehearing Denied Aug. 10, 2000. *

Bradley L. Norton and Brian T. Fair-
field of Norton & Norton, P.C., Lowden,
for appellant.

Mark Lawson of Mark R. Lawson, P.C.,
Maquoketa, for appellees.

---

* McGiverin, C.J., and Snell, J., not participat-    ing.

**LARSON, Justice.**

Adjoining landowners in Jackson County disagree over the ownership of a strip of land between them. The plaintiffs argue they acquired title to the land by acquiescence under Iowa Code chapter 650 (1997). The defendant contends the plaintiffs' chapter–650 action was barred by the special statute of limitation of Iowa Code section 614.14(5)(b) (one-year limitation on actions challenging title conveyed by trustee's deed). The district court ruled the statute of limitation was inapplicable and held the Heers had acquired the land by acquiescence. The defendant appealed, and the court of appeals affirmed. We vacate the decision of the court of appeals and reverse the judgment of the district court.

## I. *Facts and Prior Proceedings.*

In 1973 Lawrence and Mildred Schilling purchased a two-acre parcel of land with the intention of building a house on it for themselves and giving part of it to their daughter, Mary Heer, for a house. Mary and her husband, Robert, built their house on the southern portion of the Schilling land and moved into it in September 1973. At that time, the Schillings still owned the entire two acres, including the land occupied by the Heers' house. In the fall of 1973, Lawrence Schilling and Robert Heer met to discuss the location of the boundary between their properties. They noticed two utility poles, one on the west side and the other on the east, and decided to locate the boundary "about two or three feet" south of the poles. Shortly thereafter, a fence running from west to east was placed in this area, attached with a wood corner post to an already-existing north-south fence along the western boundary. The fence was anchored at the east end by another corner post. The Heers seeded their yard up to the new fence, while property north of the new fence remained in agricultural use.

In June 1974 the Schillings deeded the southern portion of the tract to Mary and her husband and retained the northern part for themselves. Over the next five years, the Schilling property remained in agricultural use. The Heers mowed and maintained the property south of the east-west fence.

In the summer of 1978, the Schillings began construction of a house for themselves on the north part of the tract and moved into it in 1979. As the Schilling house was being constructed, the east-west fence was removed, but the west corner post was left in place. Robert Heer testified that in approximately the same area where the east corner post had been there was a telephone pedestal. He considered the pedestal to mark the east end of the boundary line.

Upon completion of the Schilling house, Mr. Schilling seeded his yard to where the fence had been, and from 1979 until his death in 1991, he mowed and maintained it.

In 1990 Schilling established the Lawrence N. Schilling trust, naming himself as the original trustee and Mary Heer, his daughter, as successor trustee. (Mr. Schilling's wife was then deceased.) Schilling conveyed his property to the trust by a quitclaim deed. In 1994 Mary executed the trustee's deed at issue here, conveying the Schilling house and property to the defendant, Robert J. Thola. At the time of the transfer, the location of the boundary between the Heer and Thola properties was not discussed.

Shortly after Thola took possession of the property, he asked Robert Heer where the property line was; Heer told him it was "approximately from high line pole to high line pole." At trial Heer testified "I knew the boundary line was *somewhere right around those [utility] poles.*" (Emphasis added.) About two years after Thola took possession, he again asked Robert Heer about the location of the property line. At that time, Thola and Heer walked

around the yard, and Heer said the boundary was from the western corner post to the telephone pedestal. Thola moved some trees to this line and put in fence posts but never completed the fence.

In August 1997 Thola had his property surveyed and learned his recorded property line was approximately twenty-two feet south of where he had understood it to be. In other words, the Heers had been maintaining an approximately twenty-two-foot strip of land that, according to the title records, had been conveyed to Thola by the trustee's deed.

The Heers had their own survey, which was consistent with Thola's. The Heers, however, relied on the fact the property owners had recognized the boundary as the western corner post since 1973. In November 1997 they filed a petition to establish a boundary line, based on acquiescence under chapter 650, at the west corner post. This was approximately twenty-two feet into the property conveyed to Thola.

The district court initially dismissed the Heers' petition as barred by the statute of limitation under Iowa Code section 614.14(5)(b) (one-year limitation on challenge to trustee's deed). In response to the Heers' rule 179(b) motion, however, the court entered judgment for the Heers, concluding that they had acquired the strip by acquiescence and "now permanently established as [the boundary] the line that runs from the black fence post on the west side of the parties' property to the telephone pedestal on the east side." The court of appeals affirmed the district court, and we granted further review.

## II. The Issues.

Thola claims: (1) the court erred in ruling the Heers' claim was not time-barred by section 614.14(5)(b), (2) the Heers were estopped from asserting their cause of action under chapter 650, and (3) the court erred in ruling the Heers had established a boundary line by acquiescence under chapter 650. Because the first issue, the stat-ute-of-limitation defense, is dispositive of this appeal, it is unnecessary to address the last two issues.

## III. The Statute–of–Limitation Defense.

Thola claims the Heers' acquiescence claim is barred by this statute of limitation applicable to trustees' deeds:

An action based upon an adverse claim arising on or after January 1, 1992, by reason of a transfer of an interest in real estate by a trustee, or a purported trustee, shall not be maintained either at law or in equity, in any court to recover or establish any interest in or claim to such real estate, legal or equitable, against the holder of the record title to the real estate, legal or equitable, more than one year after the date of recording of the instrument from which such claim may arise.

Iowa Code § 614.14(5)(b).

Thola argues any action to challenge his title to the property must have been initiated within one year from the date of the trustee's deed or it would be barred. The Heers concede their action was not brought within that year. However, they contend their claim is not time-barred because (1) they obtained title through acquiescence prior to Mr. Schilling's transfer of the property to the trust, (2) their claim is not an "adverse claim" to which section 614.14(5)(b) applies, and (3) their claim does not "arise by reason of a transfer" by a trustee.

A. The effective date of the establishment of title by acquiescence. The Heers argue section 614.14(5)(b) is inapplicable. They contend, and the district court held, that the land in question could not have been deeded by the trustee because the trust did not have title to it; according to them, Schilling had lost title by acquiescence before he attempted to deed it to the trust. Also, according to the Heers, the acquiescence claim was not covered by the limitation provision of section 614.14(5)(b)

because the claim did not "aris[e] ... by reason of a transfer of an interest in real estate by a trustee" but by reason of Schilling's acquiescence under chapter 650.

The application of section 614.14(5)(b), here, turns on *when* an establishment of title through acquiescence takes place. Is it when all of the underlying requirements, including the lapse of ten years, are met, as the Heers argue? Or is it when a court decrees it to be so, as Thola argues? The statute provides:

> If it is found that the boundaries and corners alleged to have been recognized and acquiesced in for ten years have been so recognized and acquiesced in, such recognized boundaries and corners shall be permanently established.

Iowa Code § 650.14.

The Heers argue that title was established in them in 1983 because by that time the parties had acquiesced in the boundary for ten years. The district court agreed; therefore, Schilling was not the owner of the land when he purported to convey it to the trust in 1990. Thola responds that, as of the time the land was deeded to the trust, there was no court order finding the elements of acquiescence had been established. That did not occur until 1998, when the district court found title by acquiescence as of 1983. In the meantime, according to Thola, any action to establish title by acquiescence became barred by Iowa Code section 614.14(5)(b).

The Heers rely on language in our prior cases that suggests to them that title by acquiescence is established, without court order, as soon as the prerequisite circumstances exist. *See, e.g., Tewes v. Pine Lane Farms, Inc.,* 522 N.W.2d 801, 806 (Iowa 1994) ("[A] boundary line may be established by a showing that the two adjoining landowners or their predecessors in title have recognized and acquiesced in a boundary line for a period of ten years."); *Davis v. Hansen,* 224 N.W.2d 4, 6 (Iowa 1974) ("[A] boundary by acquiescence may be established where ... adjoining owners ..., for ten or more consecutive years, have mutually acquiesced in a line definitely marked ... as a true boundary....."). These cases, and many others like them, discuss the factors that provide a basis for establishing title by acquiescence. However, none of them hold that a new boundary line is established by the mere existence of those circumstances without the intervention of a court.

The language of section 650.14 suggests judicial intervention is a requirement for establishing title by acquiescence. (*"If it is found* that the boundaries ... have been recognized and acquiesced in...." (Emphasis added.)) Practical considerations suggest that result as well. For example, one requirement for establishing such a title by acquiescence is that a boundary line be established that is "sufficiently definite to run a line in accordance therewith." *De Viney v. Hughes,* 243 Iowa 1388, 1394, 55 N.W.2d 478, 481 (1952). In the present case, as of the time the property was deeded to the trust, the boundary line was not definitely located. According to some of the testimony, the parties agreed the line would be "about" two or three feet south of the utility poles. Robert Heer testified "I knew the boundary line was somewhere around those [utility] poles" but had previously told Thola the boundary line was from the western corner post to a telephone pedestal. Therefore, while the parties had a general understanding about where the line was, it was not specifically located as of the time title by acquiescence was allegedly established in 1983.

The present case is similar to another in which the boundary line was only an approximation, which we described as follows:

> This record shows an opening in a tile somewhere near the survey line and some undisclosed distance from Orleans Avenue. On Orleans Avenue, at a point some four feet east of the survey line, a tile empties. Presumably it is the same

tile, but the course of the tile from one opening to the other is unknown—it may be straight; it may not. Only by opening the tile the entire length can the exact location be determined, so far as this record shows.

*Id.* We held the boundary line was too indefinite to establish title by acquiescence. *Id.* at 1393–94, 55 N.W.2d at 481.

This requirement for a specific line location is consistent with this general rule:

> The line acquiesced in must be known, definite, and certain, or known and capable of ascertainment. The line must have certain physical properties such as visibility, permanence, stability, and definite location. The edge of a hayfield is not a sufficiently visible line, but a hedge or a roadway are visible lines.

12 Am.Jur.2d *Boundaries* § 86, at 487 (1997) (footnotes omitted). While landmarks such as fences or streams might not suffer from uncertainty as to their location, a fact question might still exist as to whether the parties intended that a fence or other marker was to be treated as a boundary rather than for some other purpose such as a barrier for livestock. *See* 12 Am.Jur.2d § 90, at 490–91; 11 C.J.S. *Boundaries* § 84, at 151 (1995).

■ Based on the wording of section 650.14 and these policy considerations, we hold that the *establishment* of title by acquiescence is effective only on a finding by the court that the requirements for acquiescence have been met. This finding must also establish a definite line. *De Viney,* 243 Iowa at 1394, 55 N.W.2d at 481. This is so even if the prerequisites for title by acquiescence have been in existence for some time, as in this case. In the present case, the district court made the findings necessary for title by acquiescence, including a definite boundary line. It ruled that, as of 1983, title to the strip of land had passed by acquiescence to the Heers. However, even if these findings were correct, there is a practical problem in the present case if the action to establish title by acquiescence was barred by Iowa Code

section 614.14(5)(b). That brings us to the next issue: whether the limitation section applies.

B. *Application of section 614.14(5)(b).* The Heers resist application of the statute of limitation on two grounds: (1) their claim is not an "adverse claim" for the limitation statute, and (2) their claim does not "aris[e] ... by reason of a transfer" under the trustee's deed but rather arises under chapter 650 (title by acquiescence).

■ An "adverse claim" under the statutory definition is

> a claim that a transfer was or would be wrongful, a claim that a particular adverse person is the owner of or has an interest in the real estate, and a claim that would be disclosed by the examination of any document not of record.

Iowa Code § 614.14(3). The claim by the Heers is an adverse claim under this definition because they claim they are "the owner[s] of or ha[ve] an interest in the real estate."

■ In addition, the Heers contend their action does not "aris[e] ... by reason of a transfer of an interest in real estate by a trustee." Rather, they claim, their action arises from the acquiescence of Thola and his predecessors. However, for the reasons already discussed, title by acquiescence could not be established until after the Heers filed their chapter 650 action. As of that time, the Heers did not have title to it; record title was still in Thola, as grantee under the trustee's deed. The Heers' claim was adverse and arose "by reason of" the trustee's deed. If it had not been for the trustee's deed, this case would never have arisen. We hold the Heers' claim "ar[ose] ... by reason of" the trustee's deed and was therefore barred at the time they filed their claim.

## IV. *Conclusion.*

■ We conclude that plaintiffs' claim of title by acquiescence could not have been established under chapter 650 prior to a court's finding of the necessary elements

of such a claim. Therefore, at the time Schilling deeded the land to the trust, he was still the owner of it. The Heers' claim to establish title, having been brought more than a year following delivery of the trustee's deed, was barred by Iowa Code section 614.14(5)(b).

We vacate the opinion of the court of appeals, reverse the judgment of the district court, and remand for dismissal of the petition.

**DECISION OF COURT APPEALS VACATED; JUDGMENT OF DISTRICT COURT REVERSED; CASE REMANDED.**

All justices concur except CADY, J., and McGIVERIN, C.J., who dissent, and NEUMAN, J., who takes no part.

CADY, Justice (dissenting).

I respectfully dissent.

I would affirm the district court and the court of appeals. The Heers' claim arose independent of the trustee's deed and the statute of limitations under section 614.14(5) does not apply.

Under section 614.14(5), "an adverse claim arising ... by reason of a transfer of an interest in real estate by a trustee" must be brought within a year after the date of the recording of the deed "from which such claim may arise." I agree with the majority that the claim of boundary by acquiescence falls within the legislative definition of an "adverse claim" under section 614.14(3). However, it fails to satisfy the further requirement of "arising ... by reason of a transfer" by a trustee. A claim of acquiescence does not arise by reason of a transfer of land by a trustee's deed, but by conduct and consent of two adjoining property owners or their predecessors in interest. *See Egli v. Troy*, 602 N.W.2d 329, 332 (Iowa 1999). The nature of the underlying recorded title to the land is totally unrelated to a claim of acquiescence, and it cannot be said that the acquisition of land by a trustee's deed gives rise to a claim of boundary by acquiescence.

Acquiescence and title by deed are totally unrelated legal concepts.

Nevertheless, the majority maintains the claim of acquiescence in this case arose by reason of the trustee's deed because the dispute between the parties would not have occurred if it had not been for the trustee's deed. This may be true, but this type of factual analysis is contrary to the basic operation of a statute of limitations and has dangerous consequences.

A statute of limitations limits the filing of a legal claim to a period of time beginning with the act which gives rise to the claim. *See* 51 Am.Jur.2d *Limitation of Actions* § 107, at 679 (1970); *see also Estate of Montag v. T.H. Agric. & Nutrition Co.*, 509 N.W.2d 469, 470 (Iowa 1993) (statute of limitations is the outer time limit to investigate claim and bring action which begins upon notice of potential action). The act is a form of notice. The majority, however, has interpreted the statute of limitations of section 614.14(5) to apply to a cause of action based on acts which do not give rise to the legal elements of the action. This is not only contrary to the basic operation of a statute of limitations, but has due process implications. A statute of limitations must only apply to the particular actions it recites, and no others. 51 Am.Jur.2d *Limitation of Actions* § 61, at 640.

The language "arising by reason of" imparts not only a factual connection but a legal connection as well. It refers to the causal connection between the act and liability. *See 2800 Corp. v. Fernandez*, 528 N.W.2d 124, 128 (Iowa 1995) (the phrase "arising out of" in our workers' compensation law refers to the causal connection between injury and employment). The majority, however, has discarded the legal connection and would include any claim factually traced to the trustee's deed. This broad interpretation could not have been intended by our legislature. Courts cannot, under the guise of construction, apply a statute of limitations to actions not

within the provisions. 51 Am.Jur.2d *Limitation of Actions* § 61, at 640.

We are obligated to give statutes a reasonable interpretation. *State ex rel. Schuder v. Schuder*, 578 N.W.2d 685, 687 (Iowa 1998). Moreover, statute of limitations are not preferred and when faced with two possible interpretations, the preferred interpretation is the one which permits the action. *In re Estate of Renwanz*, 561 N.W.2d 43, 45 (Iowa 1997). I understand why our legislature would place a one-year statute of limitations on legal claims which are adverse to and arise from a trustee's deed, but I cannot conceive of any reason our legislature would include claims with no legal connection to a deed, such as a claim for boundary by acquiescence. The statute should be interpreted to permit the Heers to pursue their claim.

McGIVERIN, C.J., joins this dissent.