# IN THE COURT OF APPEALS OF IOWA

No. 22-1051
Filed March 8, 2023

**CHARLES DAVISSON,**
    Plaintiff/Counter-Defendant-Appellant,

**vs.**

**BUCKEY GWARTNEY and ELIZABETH GWARTNEY,**
    Defendants/Counter-Plaintiffs-Appellees.
_____

    Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, Judge.

    Charles Davisson appeals from the district court's grant of summary judgment and rulings on discovery. **AFFIRMED.**

    Peter C. Riley and Patrick Joseph Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for counter defendant-appellant.

    Matthew G. Barnd of Bradley & Riley PC, Cedar Rapids, for counter plainfiffs-appellees.

    Considered by Bower, C.J., and Badding and Buller, JJ.

**BULLER, Judge.**

This appeal concerns a property dispute between two neighbors, Charles Davisson and Buckey and Elizabeth Gwartney, focused on fenceline acquiescence. The district court granted summary judgment to the Gwartneys and denied Davisson's request to examine affiants at that stage. Finding the claimed fence was not sufficiently definite, and that the district court did not abuse its discretion in regulating discovery, we affirm.

## I. Background Facts and Proceedings

Davisson and the Gwartneys were neighbors in Cedar Rapids. Two days after learning the Gwartneys listed their property for sale, Davisson filed a boundary claim alleging fenceline acquiescence. The suit created a title defect, which interfered with the Gwartneys' ability to sell the property.

The parties dispute whether there was ever a fence along the North/South property boundary, which is the line at issue in litigation. At the time the lawsuit was filed, there was a "dilapidated fence" or "remnants" of a fence that ran along the East/West boundary, more or less perpendicular to the disputed line. Davisson alleges that one of these East/West fence posts once also served as a post for the claimed North/South boundary.

According to Davisson, a fence was built by the current owners' predecessors between the properties in the early 1970s to demarcate the boundary. Davisson claimed both parties treated the fence as the boundary for at least ten years. In 2019, the Gwartneys conducted a survey and discovered the fenceline alleged by Davisson was not an accurate reflection of the boundaries. Davisson further alleged that, in late 2019, the Gwartneys removed the fence and

then, in 2020, trespassed across the former fenceline and into what Davisson believed was his property. Davisson claimed damages from this trespass.

The Gwartneys alleged there was never a fence along the North/South boundary line to their knowledge. Another neighbor filed an affidavit swearing he had "never seen any sort of fence" on the North/South property line since buying his house. The Gwartneys also alleged that Davisson only filed the fenceline dispute to cause problems for the Gwartneys selling their home.

In December 2020, six months after filing the lawsuit, Davisson sought to examine the affiants who authored affidavits supporting the Gwartneys' motion for summary judgment and requested additional time to resist. The district court granted Davisson additional time but did not authorize examination of affiants; instead, the court directed Davisson to file an affidavit explaining the need to conduct discovery pursuant to the rules of civil procedure, if in fact there was such a need. Davisson later renewed this request, and the district court denied the request once again because Davisson failed to file an affidavit or specify the need for discovery to overcome the motion for summary judgment.

The Gwartneys prevailed on the boundary claim at the summary-judgment stage, and trial was held on the trespass claim and the Gwartneys' counterclaims against Davisson. The jury did not find liability for either party on any claim. Both parties appealed, but the Gwartneys voluntarily dismissed their cross-appeal before briefing, leaving only Davisson's appellate claims for resolution by this court.

## II.  Standard of Review

"Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *Kolarik v. Cory Int'l Corp.*, 721 N.W.2d 159, 162 (Iowa 2006) (citing Iowa R. Civ. P. 1.981(3)).  Appellate review is for correction of errors at law.  *Id.*

As to Davisson's procedural complaints, rulings on a motion to examine affiants and a request for continuance to conduct discovery are both reviewed for an abuse of discretion.  *See Paige v. City of Chariton*, 252 N.W.2d 433, 436 (Iowa 1977); *Good v. Tyson Foods, Inc.*, 756 N.W.2d 42, 46 (Iowa Ct. App. 2008).

## III.  Discussion

The General Assembly has codified boundary acquiescence by fenceline. Iowa Code § 650.14 (2020).  This claim requires that both parties or their predecessors "acknowledge and treat the line as a boundary" and that "the acquiescence persists for ten years."  *Ollinger v. Bennett*, 562 N.W.2d 167, 170 (Iowa 1997) (citation omitted).  Acquiescence may be inferred, but the parties must treat the fence as a boundary, not merely a barrier.  *Id.*  The burden of proof is "by clear evidence."  *Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 806 (Iowa 1994).

A claimed boundary line must be definite and specific to support a successful acquiescence claim:

> The line acquiesced in must be known, definite, and certain, or known and capable of ascertainment.  The line must have certain physical properties such as visibility, permanence, stability, and definite location.  The edge of a hayfield is not a sufficiently visible line, but a hedge or a roadway are visible lines.

*Heer v. Thola*, 613 N.W.2d 658, 662 (Iowa 2000) (quoting 12 Am. Jur. 2d *Boundaries* § 86 (1997)).

On our review, we agree with the district court that Davisson failed to generate a disputed question of material fact on the boundary line, and we agree that the Gwartneys were entitled to judgment as a matter of law.

In an unpublished decision, a panel of our court found that a single pine tree (through which the property line allegedly passed) was not sufficiently definite to establish boundary acquiescence. *Post v. Barnette*, No. 07-0097, 2007 WL 3376749, at *3 (Iowa Ct. App. Nov. 15, 2007). In another case, we came to the same conclusion about a single cotton tree—distinguishing that unsuccessful boundary claim from a successful claim in the same case defined by a ridge. *Paseka v. Weaver Farms Ltd. Liab. Co.*, No. 03–0417, 2004 WL 573788, at *3 (Iowa Ct. App. Mar. 24, 2004). In a decision with arguably more plaintiff-favorable facts than this one, we concluded that even two terminal fence posts were insufficient to establish a boundary line absent definite evidence about the fence that allegedly ran between them. *Gaffney v. Carroll*, No. 02-1037, 2003 WL 22807825, at *2 (Iowa Ct. App. Nov. 26, 2003). These holdings are also consistent with an older controlling decision from the supreme court, which found two visible ends of drainage tile were not "sufficiently definite to run a line in accordance therewith." *De Viney v. Hughes*, 55 N.W.2d 478, 481 (Iowa 1952). A "definite starting point" for a fence, which is how Davisson describes the evidence in his appellate brief, is not sufficient under this case law to establish a boundary line. Applying both the persuasive and controlling precedent, we affirm that the single

terminal fencepost is not sufficiently definite, and this is fatal to Davisson's claim. Summary judgment was correctly granted.

The arguments made most forcefully by Davisson, both below and again on appeal, concern the allegation that the Gwartneys "knocked down the fence" allegedly at issue. The basis for this allegation is not direct evidence but the claimed inference that, because the Gwartneys had some work done in their yard, the fence must have been knocked down at their direction. (The Gwartneys denied this allegation in their own affidavits.) We, like the district court, find that—even if disputed—this fact is not material. That is because the removal of a fence is irrelevant to a boundary-acquiescence claim, provided the plaintiff carries their burden on the elements (including definiteness). *See, e.g., Heer*, 613 N.W.2d at 659, 661–62 (analyzing removed fence, ultimately finding line claimed too indefinite); *Ollinger*, 562 N.W.2d at 172 (analyzing removed fence, but finding boundary acquiescence); *Sille v. Shaffer*, 297 N.W.2d 379, 380–81 (Iowa 1980) (same); *Concannon v. Blackman*, 6 N.W.2d 116, 118 (Iowa 1942) (same). Because this allegedly disputed fact is not material, the district court did not err in granting summary judgment to the Gwartneys.

This leaves only the discovery issue. Davisson failed to accept the district court's invitation to renew his motion by filing an affidavit pursuant to Iowa Rule of Civil Procedure 1.981(6) spelling out the alleged need for discovery. The procedure and requirements for such an affidavit are well-established, and failure to file the affidavit is grounds to deny a motion. *See Bitner v. Ottumwa Cmty. Sch. Dist.*, 549 N.W.2d 295, 302 (Iowa 1996); *Good*, 756 N.W.2d at 46. Having declined to avail himself of the opportunity below, Davisson cannot establish an abuse of

discretion now on appeal. Even if it were not for this waiver below, we would affirm on the basis that—even in appellate briefing—Davisson has not identified why it was allegedly necessary to examine the Gwartneys rather than use the normal tools of summary judgment and pre-trial discovery, such as submitting a competing affidavit, noticing a deposition, or serving interrogatories or requests for production. *See, e.g.*, Iowa R. Civ. P. 1.501(1) (providing discovery methods). The district court did not abuse its discretion.

**AFFIRMED.**