# IN THE COURT OF APPEALS OF IOWA

No. 22-1301
Filed August 9, 2023

**SYLVIA WITTING,**
Petitioner-Appellee,

**vs.**

**RUTH A. SCHINSTOCK-McCONNELL and LAWRENCE W. McCONNELL,**
Respondents-Appellants.
_____

Appeal from the Iowa District Court for Henry County, Joshua P. Schier, Judge.

Ruth Schinstock-McConnell and Lawrence McConnell appeal the district court's finding of a boundary by acquiescence. **AFFIRMED.**

William R. Jahn, Jr. of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellants.

Chad D. Brakhahn and Matthew L. Roth of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, for appellee.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**BULLER, Judge.**

This dispute arose over a contested boundary between two neighbors and their plots of land: a farm lot and a house lot. The owners of the farm lot, Sylvia and Leonard Witting,[1] filed a petition for declaratory judgment seeking to establish the contested boundary as the true boundary with the house lot, belonging to Ruth Schinstock-McConnell and Lawrence McConnell (the Schinstock-McConnells). The district court ruled for the Wittings, finding a boundary by acquiescence on the Schinstock-McConnells' property. The Schinstock-McConnells appeal, and we affirm the district court's ruling in light of our deferential standard of review.

## I.    Background Facts and Proceedings

The Wittings and Schinstock-McConnells are neighbors who own a farm lot and a house lot, respectively, in Henry County. The Wittings bought the farm from Leonard's parents in 1959, which included the house lot that was enclosed by a fence. In 1976, the Wittings separated the house lot from the farm, with the intent to sell the house lot, and moved to West Point, Iowa. Before selling the house lot, the Wittings developed a legal description of the lot, with Leonard measuring out the lot's boundaries.

After moving, the Wittings rented their farm to Howard Steffensmeier and his family, who have been farming the land ever since. While the fence was still standing, the Steffensmeiers tended to farm within a few feet of it.

The Wittings sold the house lot to Paul and Becky Hunold. At this time, the fence still enclosed the lot, and the Hunolds treated the fence as the boundary

---

[1] Leonard was initially a named petitioner, but he died before trial. For consistency, we continue to refer to the owner of the farm lot as the Wittings.

between their property and the farm. The southeastern portion of the fence fell into disrepair during the Hunolds' ownership, but most of the eastern portion remained standing.

In 1983, the Hunolds sold the house lot to Lawrence and Susan Schinstock, who owned the property until 1996, when they sold it to Lawrence's brother Kenneth. Lawrence, Susan, and Kenneth all treated the fence as the eastern boundary of the house lot. However, sometime between 1998 and 2001, Kenneth removed most of the eastern fence, leaving only a northeast corner post. After the fence's removal, the Steffensmeiers still tended to farm in line with the post, although not always at the same bearing, and they farmed "a little bit" west of the post some years.

In 2019, Kenneth sold the house lot to the Schinstock-McConnells. Before the sale, Kenneth showed the property and remaining fencepost to the Schinstock-McConnells, explaining that the post demarcated the boundary between the house lot and the farm. In March 2020, the Schinstock-McConnells contacted surveyor Rob Lance to determine the exact boundary lines of the house lot so they could erect a new fence. Lance's survey came up with an eastern property line thirty-three feet west of the fencepost, and, once finished with the survey, Lance set up markers to demarcate these new boundaries.

In response to these new markers, the Wittings petitioned for declaratory judgment to find a boundary by acquiescence along the fencepost line. The matter proceeded to trial in March 2022, where both sides presented several witnesses speaking to different bearings of the fence, and Lance testified to his findings and conclusions surrounding his survey. The district court ruled for the Wittings, finding

a boundary by acquiescence at the fencepost line. The Schinstock-McConnells appeal.

## II. Standard of Review

The parties dispute the standard of review. The Schinstock-McConnells urge de novo review, relying in part on the district court's musing that the case "sound[ed]" in equity. The Wittings counter by relying on old (but seemingly controlling) supreme court precedent favoring review for correction of errors at law. *See McGovern v. Heery*, 141 N.W. 435, 436 (Iowa 1913). We think the Wittings have the better argument, considering our own published case law and the plain language of the Iowa Code chapter authorizing our appellate review of boundary disputes. *See* Iowa Code § 650.15 (2021) (providing for appeal heard "as in an action by ordinary proceedings"); *Albert v. Conger*, 886 N.W.2d 877, 879 (Iowa Ct. App. 2016) ("[O]ur appellate standard of review of an acquiescence claim is statutorily defined as correction of errors at law."). We therefore defer to findings of fact by the trial court, which are binding on us if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a); *Tewes v. Pine Lane Farms, Inc.*, 522 N.W.2d 801, 804 (Iowa 1994).

## III. Discussion

A claim of boundary by acquiescence requires that both parties or their predecessors "acknowledge and treat the line as the boundary" and "the acquiescence persists for ten years." *Ollinger v. Bennett*, 562 N.W.2d 167, 170 (Iowa 1997) (citation omitted); *see also* Iowa Code § 650.14. Acquiescence may be inferred, but the parties must treat the fence as a boundary, not merely a barrier.

*Ollinger*, 562 N.W.2d at 170. The burden of proof is "by clear evidence." *Tewes*, 522 N.W.2d at 806.

A claimed boundary line must be definite and specific to support a successful acquiescence claim:

> The line acquiesced in must be known, definite, and certain, or known and capable of ascertainment. The line must have certain physical properties such as visibility, permanence, stability, and definite location. The edge of a hayfield is not a sufficiently visible line, but a hedge or a roadway are visible lines.

*Heer v. Thola*, 613 N.W.2d 658, 662 (Iowa 2000) (quoting 12 Am. Jur. 2d *Boundaries* § 86 (1997)).

There is little debate that the prerequisites for a boundary by acquiescence were satisfied between 1976 and 1998. During that time, the border was visible, known, and definite, and the owners of both properties treated the fence as the eastern boundary of the house lot for at least ten years. *See* Iowa Code § 650.14. The poor state of the southeastern fence during this time means little, as the crop line and remaining fence still demarcated a definite boundary. *See Tewes*, 522 N.W.2d at 808 (finding three posts and a line of crop residue sufficient to constitute a boundary by acquiescence). The prerequisites for a boundary by acquiescence were fulfilled in 1986. *See* Iowa Code § 650.14; *Heer*, 613 N.W.2d at 662.

Although these prerequisites were satisfied decades ago, a definite line must "currently" exist to succeed on a boundary-by-acquiescence claim. *See Heer*, 613 N.W.2d at 662 (holding that a finding of boundary by acquiescence must include a currently definite line, "even if the prerequisites . . . have been in existence for some time"). The Schinstock-McConnells dispute whether the boundary is still known and definite, as the fence has been torn down, the

Steffensmeiers have not always farmed in line with the fencepost, and witnesses have given slightly differing testimony as to the fence's bearing.

We find substantial evidence supports the district court's finding of a boundary by acquiescence, and we are bound by the facts found by the district court in reaching that conclusion. After the fence was torn down, the Steffensmeiers continued to generally farm within a few feet of the former fence line, which was confirmed through several witnesses' testimony. Even though some witnesses testified to negligible differences in the fence's bearing and the Steffensmeiers did not always farm exactly up to the old fencepost, we find these points do not detract from the continued existence of a sufficiently definite boundary line. *See Knutson v. Jenson*, 440 N.W.2d 260, 262 (N.D. 1989) (finding a crop line that varied a few feet each year in location sufficiently definite to form a boundary by acquiescence); *Tewes*, 522 N.W.2d at 806 (finding slight variations in a boundary line sufficient to form a boundary by acquiescence).

## IV.    Disposition

We find substantial evidence supports the findings of fact rendered by the district court, reject the Schinstock-McConnells' arguments on appeal, and affirm the district court.

**AFFIRMED.**